# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AROOSTOOK METTE-NJULDNIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-993 PLC |
| | ) | |
| MICHAEL W. CORF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is a filing from self-represented plaintiff Aroostook Mette-Njuldnir, also known as Edward Hogan,[1] alleging that he is being unlawfully held at the Southeast Missouri Department of Mental Health Center (SORTS) in Farmington, Missouri. [ECF No. 1].

Plaintiff's case-initiating filing, which is on a court-form for filing "Prisoner Civil Rights" complaints brought pursuant to 42 U.S.C. § 1983, seeks both release from confinement and money damages. [ECF No. 1 at 1]. As such, it is unclear to the Court whether plaintiff intends for this action to be filed as a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

---

[1] The Court has reviewed both Pacer and Missouri.Case.Net and has been unable to find plaintiff's criminal history or any civil litigation history relative to plaintiff under the names provided in his complaint. Therefore, the Court will order plaintiff to provide the case numbers and names under which he was criminally incarcerated in Missouri, as well as the name and case number for the Missouri Probate action that placed him under the detainment of the Missouri Department of Mental Health.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by a plaintiff to see what type of action he is seeking. If a plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if a plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

Based on plaintiff's brief allegations, this case appears to be a "hybrid" action where plaintiff is seeking relief under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254. He claims, for example that an FBI special agent, defendant Corf, unlawfully placed him on a mental health hold at the Western Missouri Mental Health Center in 2005 by stating that he was making a bomb threat. Plaintiff claims that defendant Corf kept him at the WMMHC by filling out a false probable cause affidavit in 2005, and defendant Associate Attorney General Debra Miles "provided cover" for defendant Corf by not "taking him to court" for lying. Plaintiff seeks both release[2] from Southeast Missouri Department of Mental Health in Farmington, Missouri, as well as $10 per day in damages.[3]

---

[2]If petitioner is seeking conditional or unconditional release from confinement pursuant to Mo. Rev. Stat. § 552.040, he must demonstrate that he has exhausted his state court remedies before filing this action. *See Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996) (stating that a petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief).

[3]To the extent plaintiff is asserting that the actions of defendants Corf and Miles which occurred in 2005 violated his civil rights, such claims appear to be time-barred. While there is no statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims."

2

The Court will not allow plaintiff to proceed under both 42 U.S.C. § 1983 and § 2254 simultaneously in one action. If plaintiff wishes to bring both actions in this Court, he must file two separate actions, seeking separate relief under the two different statutes. Accordingly, plaintiff will be required to submit an amended complaint on a court-provided form clarifying his claims. Because it is unclear whether plaintiff seeks relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Court will direct the Clerk of Court to send plaintiff forms for both types of cases. Plaintiff should inform the Court whether he intends for this action to be brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate forms in this case. If plaintiff wishes to pursue claims under both statutes, he will need to file a second, separate action in this Court.

Plaintiff has **twenty-one (21) days** from the date of this Order to file an amended complaint on the Court's form in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 8(a). Plaintiff must indicate in his complaint his true legal name, as well as any aliases previously used. He must also note his prior criminal and civil cases before this Court and the United States District Court for the Western District of Missouri relating to the subject matter in this complaint.

Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The

---

*Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.,* 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992).

allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

## Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel. [ECF No. 3]. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the petitioner has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the petitioner will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the petitioner's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The motion will be denied at this time as plaintiff is being ordered to amend his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form and "2254 Habeas Corpus Petition" form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, in accordance with the instructions set forth above, on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that within plaintiff's amended complaint he must indicate his true legal name, as well as any aliases previously used. He must also note on the court-form his prior criminal and civil cases previously brought before this Court and the United States District Court for the Western District of Missouri relating to the subject matter in this complaint.

**IT IS FURTHER ORDERED** that to the extent plaintiff files a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, he must indicate on his court-form the extent he has exhausted his state court remedies before filing this action, i.e., by noting the specific cases filed in Missouri State Court.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this  11th day of August, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE