**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| AROOSTOOK METTE-NJULDNIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 4:23-cv-993 SEP |
| | ) | |
| DENISE HACKER,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM, AND ORDER

Before the Court is Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. [7].  After careful review, the application is dismissed.

### PROCEDURAL BACKGROUND

Petitioner Aroostook Mette-Njuldnir is a self-represented litigant currently detained at the Southeast Missouri Mental Health Center in Farmington, Missouri.  On August 9, 2023, he filed a complaint on a *Prisoner Civil Rights Complaint* form, which is designed for claims arising under 42 U.S.C. § 1983.  Doc. [1].  On review pursuant to 28 U.S.C. § 1915,[2] the Court could not discern whether Petitioner was seeking relief under § 1983 or 28 U.S.C. § 2254.  Doc. [5]. Petitioner was ordered to amend his petition on either the Court-provided form for a civil rights action or the Court-provided form for a habeas petition, depending on the type of relief he was requesting.  If he wished to bring a § 1983 action for damages for civil rights violations, he should file a civil rights complaint form, but if he wished to seek release from custody, he should file his petition on a habeas corpus form.  *Id.*  Petitioner was told that he could not bring both sets of claims in one mixed complaint.

On August 24, 2023, Petitioner filed the Amended Petition on a habeas corpus form. Doc. [7].  In his amended application for writ of habeas corpus brought pursuant to 28 U.S.C.

---

[1] In his original complaint, Petitioner named as respondents/defendants Michael Corf, an FBI agent, and Debra Miles, an attorney with the Missouri Department of Mental Health, but the relief sought was release from confinement.  As Petitioner's amended petition once again seeks release from confinement, the Court will order the Clerk to modify the docket to name Petitioner's custodian as the proper respondent, pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254. Denise Hacker is Petitioner's current custodian.

[2] Petitioner was granted leave to proceed *in forma pauperis* on August 9, 2023.  Doc. [5].

§ 2254, Petitioner alleges that in 2005, a federal officer lied to a Missouri Court, claiming he had a bomb and was threatening to blow up a federal building.  *Id*. at 4.  At that time, he was transported to a Missouri mental health center.  *Id*.  Petitioner indicates that he has not sought release from any higher Missouri courts because he did not know he could do so.  *Id*.

STATE COURT CRIMINAL HISTORY

The Court draws Petitioner's criminal history from public records available on Missouri Case.net.[3]  Most of the facts are taken from Petitioner's brief in *State v. Mette-Njuldnir*, No. WD77257 (Mo. Ct. App. 2015) (App. Brief), the appeal of his 2013 conviction for second-degree assault.  *See State v. Mette-Njuldnir*, No. 09CW-CR01293-01 (13th Jud. Cir., Callaway County).

In April of 2005, Petitioner was admitted to Western Missouri Mental Health Center for a 96-hour mental health evaluation.  App. Brief at 5.  A federal agent from the Department of Homeland Security reported that Petitioner had threatened to blow up the federal building in downtown Kansas City, Missouri, after he was observed outside of the building pushing a bicycle with a suitcase strapped to the back.  *Id*.  When Petitioner was stopped, he reportedly made troubling statements to federal officers, telling them he was an "administrative terrorist," who was "terrorizing the federal government" to convince them he had a viable alternative energy source that would end the country's dependence on oil.  *Id*. at 6.

After the completion of the 96-hour hold, Petitioner was charged with a class-D felony in Jackson County Court in Case No. 0516-CR02371-01, and he spent nearly two years in Jackson County Jail awaiting trial.  *Id*.  In February of 2007, Petitioner was admitted to Northwest Missouri Psychiatric Rehabilitation Center for an inpatient mental evaluation pursuant to Mo. Rev. Stat. § 552.020 to determine if he could understand the legal proceedings against him and assist in his defense.  *Id*. at 7.  Because he was violent and resistant to treatment at Northwest Psychiatric, Petitioner was transferred to Biggs Forensic Center at Fulton State Hospital in Fulton, Missouri, in January of 2008.  *Id*.  Due to an assault on a security guard that resulted in injury to the guard's nose and ear, Petitioner was charged with a criminal offense in Buchanan County in 2008.  *Id*.  The Buchanan County Court found Petitioner incompetent to proceed to

---

[3] Case.net is Missouri's online case management system.  The Court takes judicial notice of the cited public records.  *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records).

2

trial in March of 2009, and he was kept in Fulton State Hospital. *Id*. at 8-9. In April of 2010, Petitioner was similarly found incompetent to stand trial on the charges in Jackson County. *Id*. at 9.

On August 25, 2009, Petitioner struck a staff member of the Biggs Unit in the face and was charged with second degree assault. *State v. Mette-Njuldnir*, No. 09CW-CR01293-01 (13th Jud. Cir., Callaway County). *Id*. After the assault, Petitioner was moved from the Fulton State Hospital to Callaway County Jail on October 19, 2009, and was assigned counsel. *Id*.

In 2010, Petitioner again underwent a competency examination pursuant to Mo. Rev. Stat. § 552.020, when psychologist Michael T. Armour conducted an evaluation of Petitioner and found him incompetent to proceed to trial. *Id*. at 10. Dr. Armour diagnosed Petitioner with Delusional Disorder, persecutory type, and opined that his active mental illness would hinder his ability to communicate with and assist his attorney in a rational defense. *Id*. at 11-12. Petitioner contested Dr. Armour's findings, and requested a hearing with the Callaway County Court on the issue of his mental fitness. *Id*. at 13. His counsel later withdrew that motion against Petitioner's wishes, and argued that because his client had already been found permanently incompetent to proceed in Jackson and Buchanan counties, he was also incompetent to proceed in Callaway County. *Id*. Counsel sought the appointment of a guardian for Petitioner and asked that he be committed to the Department of Mental Health. *Id*.

The state opposed appointment of a guardian, and requested yet another mental evaluation of Petitioner. *Id*. at 14. Dr. Jeffrey Kline, a psychologist employed at the Department of Mental Health, did a competency evaluation of Petitioner on July 11, 2011. *Id*. Dr. Kline found that while Petitioner still had ongoing persecutory delusions, he nonetheless had the capacity to understand the proceedings and assist in his own defense. *Id*. at 16-17. Petitioner filed a motion contesting the findings of Dr. Kline's evaluation, and seeking a third mental examination at his own expense, which the court granted. *Id*. at 17. The expert hired by Petitioner opined that he was competent to stand trial, and the matter was set for trial on October 16, 2013. *Id*. at 20-21.

On October 16, 2013, after a two-day jury trial, Petitioner was found guilty of second-degree assault. *Id*. at 34. On October 17, 2013, Petitioner was sentenced to three years' imprisonment in the Missouri Department of Corrections. *See State v. Mette-Njuldnir,* No. 09CW-CR01293-01 (13th Jud. Cir., Callaway County). Petitioner filed an appeal of his

conviction on February 10, 2014, in the Missouri Court of Appeals Western District. *See State v. Mette-Njuldnir*, No. WD77257 (Mo. Ct. App. 2015). He raised two points on appeal: (1) the trial court erred in failing to hold a hearing to determine whether Petitioner was competent to be tried and sentenced; and (2) the trial court erred in failing to declare a mistrial *sua sponte* because Petitioner's testimony suggested that he lacked mental fitness. App. Brief at 44-46. After reviewing the parties' briefs, the Court of Appeals affirmed Petitioner's conviction and sentence on July 21, 2015. *See State v. Mette-Njuldnir*, No. WD77257.

## THE AMENDED PETITION

On August 24, 2023, Petitioner filed the Amended Petition on a habeas corpus form, seeking relief pursuant to 28 U.S.C. § 2254. Doc. [7]. Petitioner asserts that he was previously found permanently incompetent to proceed in a Missouri criminal trial. *Id*. at 1. He lists his criminal case number from Jackson County under the line for the judgment or conviction he is challenging, although he indicates that his "Date of Sentencing" was in 2012, not 2013. *Id*.

Petitioner neglects to list specific grounds on which he is challenging his conviction or sentence. Under "Supporting Facts," he lists:

> I had claimed to be a non-violent administrative terrorist. The FPS [Federal Protective Service] Special Agent shortened this to terrorist in the statement of probable cause and indictment and added that I'd claimed to have a bomb and threatened to blow up a federal office building and the Western Missouri Mental Health Center.

Doc. [7] at 4.

Petitioner claims that he has not filed any appeals of his conviction or sentence because he did not know he could do so. *Id*.

## DISCUSSION

I.    **Petitioner's request for habeas relief is time-barred.**

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the Petitioner is not entitled to relief. To the extent Petitioner is seeking review of the findings of incompetency in his Jackson or Buchanan County cases from 2009 and 2010, or his conviction in Callaway County in 2013, such requests for habeas relief are all time-barred and subject to dismissal under 28 U.S.C. § 2244(d)(1).

4

The only conviction Petitioner appealed was his Callaway County conviction, to the Western District Court of Appeals.  *See State v. Mette-Njuldnir,* No. 09CW-CR01293-01 (13th Jud. Cir., Callaway County), appealed in *State v. Mette-Njuldnir*, No. WD77257 (Mo. Ct. App. 2015).  There is no indication that Petitioner filed a post-conviction motion to vacate his sentence in Callaway County or that he filed a prior petition for writ of habeas corpus in federal court related to that conviction.

Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, which is fifteen days after the Missouri Court of Appeals issues its opinion.  *See Gonzalez v. Thaler*, 565 U.S. 134 (2012); Mo. S. Ct. R. 83.02.  Thus, the one-year statute of limitations applicable to federal habeas petitions began to run on Petitioner's Callaway County conviction and sentence on August 5, 2015, and his window to file a § 2254 petition in federal court expired one year later, on August 5, 2016.  Because he did not appeal the 2009 or 2010 findings of incompetency in Jackson or Buchanan County, the statute of limitations on those actions expired even earlier, in 2010 and 2011.  Petitioner filed this action approximately seven years after the expiration of the latest applicable one-year limitation period, and it is therefore untimely and must be denied.

## II.    **Petitioner's request for habeas relief also fails for failure to exhaust.**

Petitioner's request for release is also subject to dismissal due to his failure to exhaust his available state remedies.  Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in confinement unless that person has "exhausted the remedies available in the courts of the State."  The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment.  *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals.  *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted).  Here, Petitioner does not allege, nor does independent inquiry reveal, that he first applied for release from confinement in the Court that committed him or that he appealed the denial of any

5

such application for release to the Missouri Court of Appeals.  Thus, Petitioner has failed to exhaust his state court remedies, and the Amended Petition must be denied and dismissed.

## III.     <u>Certificate of Appealability</u>

The Court has considered whether to issue a certificate of appealability.  To do so, the Court must find a substantial showing of the denial of a federal constitutional right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).  Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall change the respondent's name to Denise Hacker in this action.  All other respondents shall be removed.

**IT IS FURTHER ORDERED** that Petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED** without prejudice.  A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 29th day of January, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE